IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DOMINGO PENA, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|        v. | ) CRIMINAL NO. 98cr132-A |
| | ) CIVIL NO. 00-1693 AM |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## **M E M O R A N D U M   O P I N I O N**

    This matter is before the Court on Petitioner Domingo Pena's motion for clarification, motion under Rule 60(b), and motion for this Court to reconsider its Judgment denying his previous Rule 60(b) motion, and to declare the previous judgment as void. For the following reasons, Petitioner's motion will be denied.

    A motion for reconsideration under Rule 60(b) may be construed as a successive petition under § 2255. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 provides stringent limits on the filing of successive petitions. In *Winestock*, the United States Court of Appeals for the Fourth Circuit held that, in light of these "restrictions" on § 2255 claims, district courts must treat motions for reconsideration pursuant to Federal Rule 60(b) "as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims not presented in a prior application.'" *Id.* at 206. The test

for determining whether a motion is a proper motion for reconsideration as opposed being, in actuality, an improper successive petition  is "that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to consider."  *Id.* at 207.

In this case, Petitioner's motion under Rule 60(b) is, in actuality, a successive § 2255 petition.  Petitioner clearly and directly attacks his sentence rather than some defect in process that would be cognizable under an authentic Rule 60(b) motion.  *See Moody v. Maynard,* 105 Fed. Appx. 458, 463  (4th Cir. 2004).  Furthermore, Petitioner previously raised the arguments related to ineffective assistance of counsel claims before the Court in a § 2255 motion.  *See* May 16, 2001 Memorandum Opinion.  Therefore, the Court finds that Petitioner's motion is a "second or successive" motion because (1) Petitioner previously had filed a § 2255 motion and was denied relief, and (2) his Rule 60(b) motion for reconsideration is directly attacks his sentence.[1]

Under § 2255, before a second or successive application may be properly filed in this Court, the applicant shall move in the appropriate court of appeals for an order authorizing the

---

[1] Petitioner seeks relief and alleges prejudice because "he received a much longer sentence than he would have had *Apprendi* been applied to his case."  (Ptr.'s Brf. at 4).

district court to consider the application.[2]  28 U.S.C. § 2255.
Petitioner requested a certificate of appealability in the United
States Court of Appeals for the Fourth Circuit, which was
denied.[3]  Without a certificate of appealability, Petitioner's
motion successive motion under Rule 60(b) motion is procedurally
barred, and this Court cannot consider it.

### III. Conclusion

For the foregoing reasons, Petitioner's motion will be
denied.  An appropriate Order will issue.


June_5, 2007                       _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE

---

[2]Section 2255 provides that:

A second or successive motion must be certified as provided in
section 2244 by a panel of the appropriate court of appeals to
contain -

> (1) newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive
> to cases on  collateral review by the Supreme Court,
> that was previously unavailable.

[3]Certificate of Appealability denied by the United States Court of
Appeals for the Fourth Circuit, May 26, 2006 (ORDER, Doc. No. 436).